

FILED
Jul 21, 2021
06:50 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Valesia Kennard | ) | Docket No. 2019-08-0805 |
| | ) | |
| v. | ) | State File No. 27262-2019 |
| | ) | |
| Mid-South Transportation | ) | |
| Management, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee was injured in an assault by a former friend and co-employee in the employer's parking lot. Reasoning that the assault arose out of an inherently private dispute, the employer denied the employee's claim for workers' compensation benefits and filed a motion for summary judgment. The trial court denied the employer's motion, concluding that determining whether the assault stemmed from an inherently private dispute would require the court to weigh the evidence and make credibility determinations. The employer has appealed. We affirm the trial court's order denying the employer's motion for summary judgment and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

William A. Hampton, Memphis, Tennessee, for the employer-appellant, Mid-South Transportation Management, Inc.

Jonathan L. May, Memphis, Tennessee, for the employee-appellee, Valesia Kennard

### Factual and Procedural Background

Valesia Kennard ("Employee"), a resident of Memphis, Tennessee, was employed as a bus operator with Mid-South Transportation Management, Inc. ("Employer"). On April 15, 2019, she sustained multiple injuries when Melvin Chaney, a former friend and co-worker, attacked her with a baseball bat as she walked to her car in Employer's parking lot during a break between her split shifts. Following an investigation of the assault,

1

Employer denied Employee's claim for workers' compensation benefits, reasoning that the assault arose out of an inherently private dispute unrelated to the employment.

Employee and Mr. Chaney met in 2016 while they were working for another company in Memphis. Employee described Mr. Chaney as a friend and co-worker but denied they were ever romantically involved. In addition to seeing Mr. Chaney at work, Employee frequently saw Mr. Chaney at a nearby casino that she visited one or two times each week. According to Employee, they enjoyed gambling together, and Mr. Chaney gave her "a little training" and "pointers" in playing Keno. On a couple of occasions, Employee rode with Mr. Chaney to the casino and accepted money from him to play Keno. She said he gave her money in increments of $100 on different occasions and if she won at Keno on one of the visits that he gave her money, she would return the money he gave her. She estimated Mr. Chaney gave her "about $400."

According to Employee, sometime in 2017 she learned that Mr. Chaney had obtained her home address and he "started making advances to [her] and [she] did not want the advances." Further, she said that when she "made it clear that [she] didn't want the advances, he did not stop so [she] started pulling [herself] away from the situation," but she continued to go to the casino and would sometimes see him there. She subsequently ended her employment at the company where she and Mr. Chaney worked and stated that one of the reasons for leaving was that Mr. Chaney had become "a pest at work." Employee began working as a school bus driver and said Mr. Chaney later applied to work at the same company but was not hired because he did not have the necessary endorsements on his driver license.

In March 2018, Employee applied for work with Employer, and she started work as a bus operator for Employer in July 2018. She continued to visit the casino and on one of the visits she told Mr. Chaney she had begun working for Employer. She also said that sometime in August 2018, she stopped communicating with Mr. Chaney because he "started making more advances." Mr. Chaney subsequently applied for work with Employer. According to Employee, she saw Mr. Chaney at her workplace, and he told her he had applied for work and had just completed a job interview. She thought Mr. Chaney started working for Employer in October 2018 based on her recollection of going to Employer's Human Resources Department ("HR") to express concerns about Mr. Chaney applying for work there. According to Employee, she reported to HR at that time that Mr. Chaney was stalking her.

On November 13, 2018, Employee signed a statement she prepared for the purpose of informing HR of incidents involving Mr. Chaney. According to the statement, Employee had allowed a co-worker to drive her car to work, and when the co-worker pulled into Employer's parking lot, Mr. Chaney appeared at the car and opened the door, asking why the co-worker was driving Employee's car. The statement said Mr. Chaney left Employee a voicemail on November 12, 2018, threatening to "bring personal business to

2

human resources" if she did not "pay him $400." According to Employee, she did not want her job to be jeopardized, so she prepared the statement and presented it to HR because of Mr. Chaney's threat to involve "human resources." Employee acknowledged in the statement that "[Employer] has nothing to do with this matter[,]" adding that "I feel I should not be harassed or threaten[ed] at my work place about a personal issue."

Mr. Chaney prepared a handwritten statement dated five days after Employee submitted her statement to HR. In the statement, he described meeting Employee in 2016 and how she asked him if he could teach her how to play Keno. He described loaning Employee money after "her lights had been turned off," and stated he loaned her additional money so she would not be "evicted." He stated that "[a]fter owing [him] $1,500.00[,] she paid it down to $800," and then he did not hear from her for two months until "she appeared at the casino one day and [they] had a long talk and she said she had been garnished on her job." His statement said "[n]ow, she owes me $400," and "[s]he was paying me $100 every month." Further, his statement said that "when I told her I applied at [Employer], her demeanor changed," adding that Employee would not call him or text him "like she promised." His statement said he left a message for her "saying [he] would seek advice from someone in human resources on what to do in a case like this," adding, "I guess she got nervous and decided to beat me to the punch."

According to Employee, on December 31, 2018, Mr. Chaney threatened her "face-to-face." She described the event as occurring when she got off work that evening and was walking to her car. She said Mr. Chaney followed her to her car and, as she got in her car and reached to close her door, he grabbed the door and said he was going to kill her if she did not "give me my $400." Employee reported the incident to HR the next business day.

Following Employer's investigation into Employee's report of the December 31, 2018 incident, Mr. Chaney was terminated on January 8, 2019 for violating a policy described as Employer's Discipline Code of Conduct and Workplace Violence Prevention Program Policy. Employee had no further communication or contact with Mr. Chaney until April 15, 2019. On that day, Employee was working a split shift and had just begun her break between the two shifts about mid-day as she walked to her car in Employer's parking lot. She saw Mr. Chaney running toward her with a baseball bat. He was wearing a work uniform, even though he had been terminated three months earlier. He struck her several times, knocking her to the ground. She was later taken by ambulance to Regional One Hospital where she remained for six days. She was off work as a result of her injuries until September 3, 2019.

Employee filed a petition for benefits on August 1, 2019. Following lengthy discovery, including depositions of Employee, two of her co-workers, and two of Employer's HR representatives, Employer filed a motion for summary judgment asserting Employee's April 15, 2019 injuries did not arise primarily out of her employment. The trial court denied Employer's motion, concluding that determining whether the assault

3

stemmed from an inherently private dispute "would essentially require this Court to weigh the evidence and make credibility determinations, which it cannot do at this stage." Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

In *Woods v. Harry B. Woods Plumbing Co.*, 967 S.W.2d 768 (Tenn. 1998), the Tennessee Supreme Court identified three classes of assaults involving employees:

> (1) Assaults with an "inherent connection" to employment such as disputes over performance, pay or termination; (2) assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and (3) assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment setting.

*Id.* at 771 (internal citations omitted). The Court further described which classes of assaults might result in compensable injuries:

> Assaults with an "inherent connection" to employment are compensable. Assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life *and not exacerbated by the employment* are not compensable. Assaults resulting from a "neutral force" such as random assaults may or may not be compensable depending on the facts and circumstances of the employment.

*Id.* (internal citations omitted) (emphasis added).

Here, the parties agree, as we do, that the April 2019 assault does not fit into the class of "neutral" assaults. Thus, the focus becomes the two other classes of assaults; more specifically, whether the dispute between Employee and Mr. Chaney that resulted in the assault had an inherent connection to the employment or whether the assault resulted from

4

an inherently private dispute imported into the employment setting and was not exacerbated by the employment. In its brief on appeal, Employer contends Employee "failed to demonstrate evidence sufficient to establish an essential element of her claim," either an inherent connection between the assault and her employment *or* that the private dispute between Employee and Mr. Chaney was exacerbated by the employment. By contrast, Employee contends her reports to Employer of her encounters with Mr. Chaney resulted in Mr. Chaney's termination by Employer, creating an inherent connection between the assault and her employment. Alternatively, Employee asserts that what had been a private dispute was exacerbated by the employment when Mr. Chaney was terminated following her reporting of the December 31, 2018 incident. Employee further contends Employer incorrectly frames the issue on appeal to "shift the burden at summary judgment" to Employee rather than Employer.

As noted above, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record.

*Rye*, 477 S.W.3d at 264-265 (internal citations omitted).

Employer supported its motion with a statement of fifteen separate, numbered paragraphs that included specific citations to the record, none of which were disputed by Employee. Among other facts, Employer's statement asserted that Employee suffered personal injuries on April 15, 2019 "stemming from an assault by an ex-employee, Mr. Melvin Chaney"; that Employee met Mr. Chaney in 2016 while they were employed at the same company; that Employee and Mr. Chaney met outside of work at a casino where the two played Keno; that Employee characterized their relationship as "friends"; and that Employee accepted "around $400 total, or $100 on four separate occasions, from Mr. Chaney to play [K]eno." The statement of undisputed facts included paragraphs addressing Employee's "decision to stop speaking with Mr. Chaney due to his making unwanted

5

advances" and Employee's voicing of concerns to Employer about Mr. Chaney stalking her after she discovered he was being considered for a position with Employer. Further, Employer's statement of undisputed facts asserted that Employee submitted a written statement to Employer's human resources department in November 2018 in which she described a voicemail left by Mr. Chaney "threatening to bring personal business to work if she didn't pay the $400 that he felt she owed." In addition, the statement asserted that Mr. Cheney approached Employee at her car after work and "threatened her with physical violence" on December 31, 2018; that Employee reported the incident to Employer's HR department; and that Employer "then investigated [Mr. Chaney's] threat and terminated Mr. Chaney's employment on January 8, 2019." Finally, Employer's statement of undisputed facts addressed the April 15, 2019 assault "at approximately 11:30 a.m.," while Employee was at work when Mr. Chaney approached her and "proceeded to physically assault Employee causing personal injuries."

Employer's statement of undisputed facts presented sufficient material facts from which the trial court could conclude that the private dispute that was imported into the employment setting was exacerbated by the employment. The trial court noted that, while the undisputed facts suggest the assault stemmed from a private dispute, those facts did not specifically address whether the employment "exacerbated the private dispute, which must be considered in determining whether an assault falls under the second category." Further, the trial court reasoned that determining whether the assault had an inherent connection to the employment or stemmed from a private dispute that was exacerbated by the employment "would essentially require the Court to weigh the evidence and make credibility determinations, which it cannot do at this stage." While we agree with the trial court's reasoning, we note that the burden fell to Employer to negate an essential element of Employee's claim or demonstrate that Employee's evidence is insufficient to establish her claim. Employer failed to do either; thus, the burden never shifted to Employee. Employer asserts there was no evidence that Mr. Chaney's termination was a motivating factor in the assault. At the summary judgment stage, the burden to show that Mr. Chaney's termination was not a motivating factor fell to Employer.

"Exacerbate" is defined to mean "[t]o make worse." Black's Law Dictionary (10th ed. 2014). While the sequence of events involving the parties' dispute, ultimately culminating in the assault, is not in dispute, whether or the extent to which the dispute was exacerbated or made worse by the employment *is* disputed. Accordingly, under these circumstances we conclude Employer failed to present sufficient proof to negate an essential element of Employee's claim or to demonstrate that Employee's evidence is insufficient to establish her claim as a matter of law.

## Conclusion

For the foregoing reasons, we affirm the trial court's order denying summary judgment and remand the case. Costs on appeal are taxed to Employer.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Valesia Kennard | ) | Docket No. 2019-08-0805 |
| | ) | |
| v. | ) | State File No. 27262-2019 |
| | ) | |
| Mid-South Transportation | ) | |
| Management, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of July, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jonathan May | | | | X | jmay@forthepeople.com |
| William A. Hampton | | | | X | will@holleyelder.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood (signature)*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov